The Honorable Bobby G. Newman State Representative P.O. Box 52 Smackover, AR 71762
Dear Representative Newman:
You have requested an opinion under the authority granted in Initiated Act 1 of 1988 which is cited as "The Disclosure Act for Lobbyists and State Officials."
Your question is as follows:
 Are board members of Arkansas Guidance Centers, whether state operated or operated in the form of nonprofit corporations, subject to the financial disclosure provisions of Initiated Act 1 of 1988?
Initially I will treat that portion of your question which relates to board of guidance centers which operate as nonprofit corporations. Public officials of the State of Arkansas are required to file a statement of financial disclosure pursuant to Initiated Act 1 of 1988. The term public official is defined at21-8-402(1) as "a legislator or any other person holding an elective office of state government or agency head, department director or division director of state government or appointee to any state board or commission who is authorized or charged by law with the exercise of regulatory authority or is authorized to receive or disperse state or federal funds." Board members are initially named in the original articles of incorporation of the nonprofit corporation, A.C.A. 4-28-211. That same statutory provision provides that successor board members be elected by the entire membership of the nonprofit corporation. Board members of a nonprofit corporation are therefore not serving "any state board or commission." These board members serve a private nongovernmental entity which is created for the purpose of operating a guidance center. It is therefore my opinion that board members of guidance centers which are operated by nonprofit corporations are not subject to the financial disclosure requirement of Initiated Act 1 of 1988.
As you have stated in your question there are two state operated guidance centers that have advisory boards. It is my understanding that these advisory boards work very closely with the director of the guidance center on all phases of the operation of the center. It is further my understanding that members of the advisory board of the state operated guidance centers are elected by the advisory board itself and A.C.A. 20-46-309(4) provides:
 Each clinic or center for which services may be purchased shall be under the control or direction of a county of community board of directors or trustees of a corporation not for profit or a political subdivision of the state. The local boards shall have at least one (1) member from each of the various counties from which funds are received by the organization. However, no county shall have more than a simple majority of members on the board unless that county has within it more than fifty percent (50%) of the population of the total area from which the corporation received mental health funds.
This section refers to "each clinic" and makes no distinction between state operated guidance centers and those operated by nonprofit corporations. In my opinion, the board of a state operated guidance center is a "state board" within the contemplation of the definition of public official contained in Initiated Act 1 of 1988. I am also of the opinion that these boards exercise regulatory authority or are authorized to receive or disburse state or federal funds. I am of the further opinion that election of a board member by the existing board members constitutes an "appointment." It is therefore my opinion that advisory board members of state operated guidance centers are public officials within the definition of Initiated Act 1 of 1988 and that such board members would be required to file statements of financial interest as provided by the act.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Bill McLean.